523 P.2d 1351

**Pauline WILLEY, Administratrix of the Estate of Imogene Goldsmith, Deceased, Plaintiff-Appellant,**

v.

**FARMERS INSURANCE GROUP, a foreign corporation, Defendant-Appellee.**

**No. 9979.**

Supreme Court of New Mexico.

June 28, 1974.

Ussery, Burciaga & Parrish, Calvin J. Hyer, Jr., Albuquerque, for plaintiff-appellant.

Civerolo, Hansen & Wolf, William P. Gralow, Wayne C. Wolf, Albuquerque, for defendant-appellee.

OPINION

McMANUS, Chief Justice.

The trial court granted summary judgment dismissing plaintiff's claim against her insurer (defendant). The case was brought to determine whether an owner of an insured automobile who permits an uninsured person to drive her automobile and

one who is injured through the negligence of such driver may recover under the "uninsured automobile" coverage of her own liability insurance policy.

The relevant facts follow. The plaintiff had in force, with the defendant insurance company, a standard automobile liability policy with an Uninsured Motorist Endorsement attached thereto. Plaintiff was a passenger in her own automobile which was being driven by one Boydston, when the latter negligently collided with another automobile, resulting in plaintiff's death. Boydston had no insurance in force in his own name.

Plaintiff first contends that the insured motorist endorsement provides for uninsured motorist coverage in such a situation. We cannot agree. The policy provided, in pertinent part, that the company agreed:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of (a) bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured; caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle."

In defining what an uninsured motor vehicle is, the policy went on to provide that, an "uninsured motor vehicle shall not include * * * a motor vehicle owned by or furnished for the regular use of the named insured * * *."

It is well settled New Mexico law, that "* * * the obligation of a liability insurer is contractual and is to be determined by the terms of the policy * * *." Jones v. Harper, 75 N.M. 557, 560, 408 P. 2d 56, 58 (1965).

From the general proposition stated in Jones, supra, it is easy to arrive at the conclusion that exclusionary definitions in insurance contracts shall be enforced so long as their meaning is clear and they do not conflict with statutory law. See Lammers v. State Farm Mutual Automobile Ins. Co., 48 Ala.App. 36, 44, 261 So.2d 757, 765 (1972).

The exclusionary language of the policy before us is quite clear and unambiguous in its meaning in that it specifically excludes the plaintiff's automobile from the uninsured motorist coverage. However, plaintiff next contends that this interpretation of the policy violates the uninsured motorist statute of New Mexico. We disagree.

Section 64–24–105, N.M.S.A.1953 (2nd Repl.Vol. 9, part 2, 1972), provides that, unless rejected by the insured named in the policy:

"* * * no motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person, and for injury to or destruction of property of others arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death, and for injury to or destruction of property as set forth in section 64–24–79, New Mexico Statutes Annotated, 1953 Compilation, according to rules and regulations promulgated by, and under provisions filed with and approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for injury to or destruction of property resulting therefrom. * * *"

It appears to us that this statute neither authorizes nor forbids the exclusion contained in the policy sued upon, nor does it

define "uninsured motor vehicles." However, the statute does provide that the superintendent of insurance may promulgate rules and regulations which govern uninsured motorists. Acting under this statutory authorization, the superintendent of insurance has published rules that cover the subject, specifically Article 24, Chapter 64, Rule 1. This provision provides that the term "uninsured motor vehicle" shall not include a "motor vehicle owned by * * * [the insured] * * *."

The exclusionary language of the uninsured motorist endorsement follows this regulation exactly. We therefore hold that there is no merit in appellant's contention that the part of the definition of an "uninsured automobile" which excludes from "uninsured motorist" coverage the automobile in which plaintiff was injured is more restrictive than the statute.

■ Plaintiff's last contention is that the superintendent of insurance was without properly delegated authority to prescribe regulations relating to uninsured motorist insurance. This contention is without merit. Under § 64–24–105, N.M. S.A. (2nd Repl.Vol. 9, part 2, 1972), the automobile liability policy which covers uninsured motorists must be issued "according to rules and regulations promulgated by, and under provisions filed with and approved by the superintendent of insurance." The authority granted to the superintendent of insurance is a lawful delegation of authority to an administrative agency. This discretion is justified because of the difficulty or impracticability involved in laying down a definite and comprehensive rule relating to uninsured motorists by legislative act. See State v. Heffernan, 41 N.M. 219, 67 P.2d 240, 12 A.L.R. 1447 (1936).

Accordingly, the court committed no error and the judgment is affirmed. It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.