533 P.2d 100

Clara D. CHAVEZ, Individually and as personal representative of Francisco G. Chavez, Deceased, Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 10011.

Supreme Court of New Mexico.

March 21, 1975.

Klecan & Roach, Albuquerque, for defendant-appellant.

Zamora & Ribe, Santa Fe, for plaintiff-appellee.

## OPINION

STEPHENSON, Justice.

Appellant (State Farm) appeals a summary judgment rendered for Clara Chavez which pronounced invalid an exclusion of uninsured motorist coverage in an automobile insurance policy when the insured is occupying an uninsured motor vehicle owned by him at the moment of injury.

The validity of that exclusion is the sole issue for decision.

While riding his uninsured motorcycle, Francisco Chavez, appellee's husband, was killed in a collision with an uninsured motorist. At the time, he had an insurance policy on another vehicle providing uninsured motorist coverage. Mrs. Chavez filed a claim under that policy which State Farm rejected, asserting that under the "Coverage U" exclusion, Francisco was not protected against injuries inflicted by a negligent uninsured motorist while he occupied a vehicle owned by him other than the insured vehicle. The district court held this exclusion to be in violation of public policy under the New Mexico Uninsured Motorist Statute. § 64–24–105, N. M.S.A.1953. We affirm.

■ State Farm's major premise is that this court, in ascertaining the object of the uninsured motorist statute, can look no further than the statute itself. Since nothing therein is expressly stated regarding the scope of uninsured motorist coverage, it asserts the Legislature intended to leave it to the Superintendent of Insurance to determine the public policy behind the statute, basing this revelation upon that part of the statute which gives the Superintendent authority to promulgate rules and regulations and to approve provisions filed with him by the insurance industry. Since the exclusion in question was approved by the Superintendent, ipso facto, the provision does not violate public policy and is valid. See Willey v. Farmers Insurance Group, 86 N.M. 325, 523 P.2d 1351 (1974); cf. Owens v. Allied Mutual Insurance Company, 15 Ariz.App. 181, 487 P.2d 402 (1971). State Farm misses the mark. For the question is not whether the Superintendent approved the provision. It is whether the Legislature intended, in delegating the power of approval, that such approval would constitute a final determination as to the public policy applied in this type of situation. Furthermore, in ascertaining the legislative intent, we look not only to language used in the statute, but also to the object sought to be accomplished and the wrong to be remedied. Rodman v. State Farm Mutual Automobile Ins. Co., 208 N. W.2d 903 (Iowa 1973).

This court has twice before considered our uninsured motorist statute. See Willey v. Farmers Insurance Group, supra; Sloan v. Dairyland Insurance Company, 86 N.M. 65, 519 P.2d 301 (1974). In Sloan, we held void the excess escape clause as being contrary to the uninsured motorist statute. We note it only to point out that the statute did not say anything about excess escape clauses anymore than it says anything about the vehicle exclusion clause involved here. Had State Farm's reasoning been applied in Sloan, we would have been compelled to uphold the clause since the Superintendent of Insurance had given his blessing to that provision also.

Willey, at first glance, appears to lend some support to State Farm's argument. There, a provision restrictively defining "uninsured motor vehicle" was upheld because "this [uninsured motorist] statute neither authorizes nor forbids the exclusion contained in the policy sued upon, nor does it define 'uninsured motor vehicles.'" The definitional provision was identical to a regulation approved by the Superintendent so a majority of this court held the clause valid because it was not more restrictive than the express words of the statute. There does not appear in the opinion any consideration of the objective of the statute or how that objective meshes with the Superintendent's power to approve insurance provisions. Viewed in this light, the comment that the statute neither authorized nor forbid the exclusion is not surprising. But it is a non sequitur to urge, as does State Farm, that because the statute does not expressly forbid the exclusion it is valid. It could just as easily be said that because the statute does not expressly authorize the exclusion it is invalid. The real inquiry centers on the legislative intent behind the statute.

It is true that "exclusionary [provisions] in insurance contracts shall be enforced so long as their meaning is clear and they do not conflict with statutory law." Willey v. Farmers Insurance Group, supra, 86 N.M. at 326, 523 P.2d at 1352. But when an insurance provision does conflict with a statute, it is void. Atlantic National Insurance Company v. Armstrong, 65 Cal.2d 100, 52 Cal.Rptr. 569, 416 P.2d 801 (1966); Wildman v. Government Employees' Insurance co., 48 Cal.2d 31, 307 P.2d 359 (1957). Atlantic National and Wildman make clear that such provisions are void not only where they conflict with the express language of a statute, but also where they conflict with the legislative intent, absent explicit statutory expression. Willey, supra, correctly upheld the delegation of authority to the Superintendent of Insurance but, by that delegation, the Legislature did not intend to make the Superintendent's judgment final as to the validity of exclusionary provisions which strike at the heart of the clear purpose of the uninsured motorist statute. That is our function.

The object of compulsory uninsured motorist insurance is:

"* * * 'to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated.' [Citations omitted.] In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance." Bartlett v. Nationwide Mutual Ins. Co., 33 Ohio St.2d 50, 52, 294 N.E.2d 665, 666 (1973).

See also, e. g., Rampy v. State Farm Mutual Automobile Ins. Co., Miss., 278 So.2d 428 (1973); Rodman v. State Farm Mutual Automobile Ins. Co., supra; Salas v. Liberty Mutual Fire Insurance Company, Fla., 272 So.2d 1 (1972); Elledge v. Warren, La.App., 263 So.2d 912 (1972); Sullivan v. Doe, 159 Mont. 50, 495 P.2d 193 (1972); Doxtater v. State Farm Mutual Automobile Ins. Co., 8 Ill.App.3d 547, 290 N.E.2d 284 (1972); Touchette v. Northwestern Mutual Insurance Co., 80 Wash.2d 327, 494 P.2d 479 (1972); Bankes v. State Farm Mutual Automobile Ins. Co., 216 Pa. Super. 162, 264 A.2d 197 (1970).

The adoption by almost all of the states of uninsured motorist statutes occurred as a result of the failure of the financial responsibility laws to protect innocent victims against uninsured tortfeasors. See Elledge v. Warren, supra, 263 So.2d at 917. The promise, extracted by the statute from the insurer, to protect each insured as if the negligent uninsured motorist had liability insurance is clearly spelled out in New Mexico's statute, providing, in part:

"* * * for the protection of *persons* insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for injury to or destruction of property resulting therefrom. * * *" (Emphasis added.) § 64–24–105, N.M.S.A.1953.

The uninsured motorist statute must be liberally construed to implement this purpose of compensating those injured through no fault of their own. See e. g., Vantine v. Aetna Casualty & Surety Company, 335 F.Supp. 1296 (N.D.Ind.1971); Rampy v. State Farm Mutual Automobile Ins. Co., supra; Lowery v. State Farm Mutual Automobile Ins. Co., supra; Touchette v. Northwestern Mutual Insurance Co., supra; Bankes v. State Farm Mutual Automobile Ins. Co., supra; Valdez v. Federal Mutual Insurance Company, 272 Cal.App. 2d 223, 77 Cal.Rptr. 411 (1969).

So construed, the only limitations on protection are those specifically set out in

**330**

the statute itself, i. e., that the insured be legally entitled to recover damages and that the negligent driver be uninsured. § 64–24–105, N.M.S.A.1953.

The exclusion clause here is invalid because it is not the intent of the statute to limit coverage for an insured to a particular location or a particular vehicle. As pointed out by the Louisiana Court of Appeals, in construing a statute identical to ours:

> "There is no requirement in the statute that the insured have any relation, at the time of the accident, with any vehicle he owns and that is insured with the insurer. The uninsured motorists protection covers the insured and the family members while riding in uninsured vehicles, while riding in commercial vehicles, while pedestrians or while rocking on the front porch." Elledge v. Warren, supra, 263 So.2d at 918.

See also, Hogan v. Home Insurance Company, 260 S.C. 157, 194 S.E.2d 890 (1973). This conclusion is buttressed by State Farm's own interpretation of the clause. While arguing the statutory approach is to tie in the coverage to a particular vehicle, (from which it would logically follow that the insured would be covered only while occupying that vehicle), it admits the policy in fact covers the insured regardless of what vehicle he is in or where he is, the only exception being in another vehicle "owned by the named insured or any relative resident of the same household."

The remedial purpose of the statute weighted against State Farm's arguments leads us to conclude the Legislature did not intend to allow the creation of a gap in coverage which is contrary to the purpose of the statute. The summary judgment is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.