**Concha MONTOYA, Individually and as next friend of David Montoya, a minor, Plaintiffs,**

**v.**

**DAIRYLAND INSURANCE COMPANY, a corporation, Defendant.**

**Civ. No. 74–476.**

United States District Court, D. New Mexico.

June 2, 1975.

Bachicha, Corlett & Casey, P. A., Santa Fe, N. M., for plaintiffs.

LeRoi Farlow, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

PAYNE, Chief Judge.

This case involves a complaint for declaratory judgment filed by the plaintiff, Concha Montoya, individually and as next friend of David Montoya, a minor, against the defendant, Dairyland Insurance Company concerning the coverage and rights of the plaintiff under an uninsured motorist endorsement to plaintiff's automobile insurance policy issued by the defendant.[1]

The one fact giving rise to this lawsuit which is not in dispute is that plaintiff's car, at the time being driven by plaintiff who was accompanied by her son, David Montoya, collided with a stone wall. Further, it is agreed there was no physical contact between the plaintiff's vehicle and any other vehicle prior to the collision with the wall.

Plaintiff further states that while she was properly driving her vehicle, plaintiff suddenly noticed the headlights of an oncoming vehicle approaching around a curve on plaintiff's lane of traffic a short distance from plaintiff. Plaintiff states that to avoid an imminent head-on collision, plaintiff swerved her vehicle to the right and collided with a stone wall off the right shoulder of the road. There was never any physical contact by the plaintiff's vehicle and the other unknown vehicle, the operator of which, plaintiff states, drove on without stopping and has never been identified.

Plaintiff and her husband had in force at the time of the collision an automobile liability insurance policy with the defendant insurer which provided certain coverage when an uninsured motorist was involved. That coverage included provisions allowing coverage when the insured is involved in an accident with a "hit-and-run" vehicle *provided* there is in fact *physical contact* between the insured and the "hit-and-run" vehicle.

The particular question before this Court is whether an insurance company can contractually restrict its uninsured or unknown motorist coverage to situations in which there is *physical contact* between the insured and a "hit-and-run"[2] vehicle without violating the legislative policy of § 64–24–105 New Mexico Statutes Annotated, 1953 Comp.[3]

---

1. The complaint was originally filed in the District Court of Santa Fe County, State of New Mexico and was subsequently removed to this Court upon the petition of the defendant.

2. As the Supreme Court of Washington has adequately explained, a non-physical contact accident can in fact involve a "hit"-and-run vehicle. Hartford Accident And Indemnity Company v. Novak, 83 Wash.2d 576, 520 P. 2d 1368, 1373 (1974).

3. Section 64–24–105 New Mexico Statutes Annotated, 1953 Comp. provides as follows: "Insurance against uninsured and unknown motorists—Rejection of coverage by the insured.—On and after January 1, 1968, no motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person, and for injury to or destruction of proper-

ty of others arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death, and for injury to or destruction of property as set forth in section 64–24–79 New Mexico Statutes Annotated, 1953 Compilation, according to rules and regulations promulgated by, and under provisions filed with and approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for injury to or destruction of property resulting therefrom. The uninsured

Because the courts of New Mexico have not addressed the aforementioned particular question and because the State law is unsettled, it is the function of the Federal Courts in this diversity suit to determine what the New Mexico Supreme Court would likely decide if presented with the identical issue.

The issue of the validity of the physical contact requirement of insurance policies has been entertained by courts of several states for some time. 25 ALR 3rd 1299.[4] In those states, as in New Mexico, there is generally a statute requiring insurance companies to offer uninsured or unknown motorist coverage. There is, however, usually no statutory requirement to include coverage for "hit-and-run" drivers nor a requirement that physical contact must have occurred before one can recover for injury due to a "hit-and-run" vehicle.[5] The courts of those same states have, on the other hand been almost unaminous in holding that the operator of a "hit-and-run" vehicle is an uninsured or an unknown motorist. See 26 ALR 3rd 883, 913. The split of the various states has arisen over the physical contact issue.

This Court has considered numerous decisions which conclude that it is reasonable to require physical contact between a "hit-and-run" vehicle and the insured before coverage is allowed under the uninsured or unknown motorist provisions. Phelps v. Twin City Fire Insurance Co., 476 S.W.2d 419 (Tex.Civ.App. 1972); Buckeye Union Insurance Co. v. Cooperman, 33 Ohio App.2d 152, 293 N.

E.2d 293 (1972); Ely v. State Farm Mutual Automobile Insurance Co., 148 Ind.App. 586, 268 N.E.2d 316 (1971); Collins v. New Orleans Public Service, Inc., 234 So.2d 270 (La.App.1970), writ refused, 256 La. 375, 236 So.2d 503 (1970); Hendricks v. U. S. Fidelity and Guaranty Co., 5 N.C.App. 181, 167 S.E. 2d 876 (1969); Prosk v. Allstate Insurance Co., 82 Ill.App.2d 457, 226 N.E.2d 498 (1967).

The reasoning is generally based on the premise that requiring physical contact precludes any fraud upon the insurer and prevents recovery of damages in cases where the insured's injuries are the result of his own negligence, without the intervention of any other vehicle, but it is alleged by the insured that the accident was caused by an unidentified vehicle which subsequently left the scene of the accident. *See gen.* 25 ALR 3rd 1299.

This Court has similarly considered numerous cases holding that, generally, the physical contact requirement is an impermissible limitation on the uninsured or unknown motorist statute, is contrary to public and legislative policy, and is, therefore, invalid. Farmers Insurance Exchange v. McDermott, 527 P. 2d 918 (Colo.App.1974); Balestrieri v. Hartford Accident & Indemnity Insurance Co., 22 Ariz.App. 255, 526 P.2d 779 (1974); DeMello v. First Insurance Co. of Hawaii, Ltd., 523 P.2d 304 (Hawaii 1974); Hartford Accident & Indemnity Co. v. Novak, 83 Wash.2d 576, 520 P.2d 1368 (1974); Webb v. United Services

---

motorist coverage shall provide an exclusion of not more than the first two hundred fifty dollars ($250.00) of loss resulting from injury to or destruction of property of the insured in any one accident; Provided that the named insured shall have the right to reject such coverage; and Provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

4. This ALR annotation and the 1974 supplement do not contain a listing of the more recent cases hereafter cited in this opinion.

5. However, "[i]n a few states requiring insurance companies to offer uninsured motorists insurance, *the statutes have specifically provided* that where recovery is sought for injury caused by a 'hit-and-run' or other unidentified vehicle, the claimant must show that there was physical contact with the unidentified vehicle." 25 ALR 1299, 1303. (emphasis added).

Automobile Association, 227 Pa.Super. 508, 323 A.2d 737 (1974); State Farm Fire and Casualty Co. v. Lambert, 291 Ala. 645, 285 So.2d 917 (1973); Brown v. Progressive Mutual Insurance Co., 249 So.2d 429 (Fla.1971).

Whereas there is generally one reason espoused by the proponents of the physical contact requirement, i. e., fraud on the insurer, those Courts who have ruled against the physical contact requirement cite many and varied reasons for its invalidity.

These latter cases correctly reveal that uninsured or unknown motorist statutes were adopted, and the clear and unambiguous legislative intent was, to expand insurance protection to the public who use the streets, highways and walkways. The public was to be protected from damage or injury caused by other motorists who were not insured and could not make the injured party whole. The public was no longer to be faced with the possible financial distress or all too often certain financial calamity caused by negligent and insolvent drivers.

■ In short, the uninsured or unknown motorist statutes are designed to protect the injured party from the uninsured or unknown motorist. The statutes are not designed to protect the insurance company from the injured party.

There is, of course, the possibility of fraud by one claiming injury due to an unidentified "hit-and-run" driver when there was no such driver and it was in fact the negligence of the injured party himself who caused the injury. However, "[t]he argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury

trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact. If twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless, as it would be under the decision here for review." Hartford Accident And Indemnity Company v. Novak, *supra* at 1372.[6]

Also, the following criticism of the physical contact requirement as an anti-fraud measure has been expressed:

"It seems unreasonable to establish a rule under which recovery is possible if there is a minute scratch on the insured's car, but no impartial witnesses —and to deny all rights where there was no contact, even though there are many witnesses and there is no reason to suspect collusion or fraud. Some standard assuring adequate evidence in support of a claim that the injuries (for which indemnification is sought) are the result of an evasive action executed to avoid a collision with an unidentified negligent driver is certainly warranted. It is suggested that the claimant should bear the burden of persuasion, leaving to the judge, jury or arbitrator the determination of whether the claimant has sustained the requisite burden of proof, and providing an opportunity for the insurance company to raise fraud or collusion as a defense to such a claim." A. Widiss, A Guide To Uninsured Motorist Coverage (1969).

The Supreme Court of Hawaii indicated, as would common sense, that the physical contact requirement may in fact *not* be a complete barrier to fraudulent claims.

"We also note the clear possibility of instances in which the contractually imposed requirement [of physical contact] will not fulfill its justifiable

---

**6.** Furthermore, very often the parties must first submit the facts to the scrutiny of an arbitration panel before they proceed *de* *novo* in the Courts. *See* § 64–24–107 N.M. S.A., 1953 Comp.

objective of eliminating fraudulent claims. A claimant with a fraudulent claim can bolster the same, if necessary, by damaging his own car to leave apparent proof of the requisite 'physical contact' with a non-existent 'unidentified vehicle.' The contractual 'physical impact' requirement thus not only sweeps too broadly but also not broadly enough, to accomplish its only justifiable and statutorily permissible purpose, the prevention of frauds." DeMello v. First Insurance Company of Hawaii, Ltd., 523 P.2d 304, 310 (1974).

It would serve no purpose to further discuss in detail the other important cases cited, *supra*, which are antagonistic to the physical contact requirement. Let it suffice to say that, generally, the cases hold that the insurer's contractual requirement of physical contact unjustifiably impedes effectuation of the legislative intent and statutory policy of protection for insured's against injury from the negligence and insolvency of uninsured or unknown motorists.

Having reviewed the reasoning of the two divergent lines of authorities which exist on the issue at hand, this Federal Court, as aforementioned, must decide what the Supreme Court of New Mexico would likely decide if presented with the identical issue.

This Court considered several opinions which concern the New Mexico uninsured or unknown motorist statute. Chavez v. State Farm Mutual Automobile Insurance Co., 87 N.M. 327, 533 P. 2d 100 (1975) ;[7] Willey v. Farmers Insurance Group, 86 N.M. 325, 523 P.2d 1351 (1974) ; Sloan v. Dairyland Insurance Co., 86 N.M. 65, 519 P.2d 301 (1974) ; American Mutual Insurance Co. v. Romero, 428 F.2d 870 (10th Cir. 1970).

The very recent *Chavez* decision is of the most import to the instant case.

That case held invalid, as against public policy, an exclusionary provision contained in the uninsured motorist coverage of an automobile insurance policy. The facts of the case are of no moment, however, in invalidating the particular exclusionary provision, the New Mexico Supreme Court stated as follows :

"The object of compulsory uninsured motorist insurance is : . . . 'to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated'. . . . In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor has possessed liability insurance.

. . . . . .

The adoption by almost all of the states of uninsured motorist statutes occurred as a result of the failure of the financial responsibility laws to protect innocent victims against uninsured tortfeasors. . . . The promise, extracted by the statute from the insurer, to protect each insured as if the negligent uninsured motorist has liability insurance is clearly spelled out in New Mexico's statute, providing, in part :

'* * * for the protection of *persons* insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for injury to or destruction of property resulting therefrom. * * *' (Emphasis added by the New Mexico Supreme Court) § 64–24–105, N.M.S.A.'

. . . . . .

---

7. The *Chavez* decision was rendered in March, 1975. It contains the New Mexico Supreme Court docket number of 10011. The entire decision can be found in The

State Bar Of New Mexico Bulletin And Advance Opinions, Vol. 14, No. 3, published March 27, 1975.

So construed, the only limitations on protection are those specifically set out in the statute itself, i. e., that the insured be legally entitled to recover damages and that the negligent driver be uninsured."

The Supreme Court ended its opinion with the following comment:

"The remedial purpose of the statute weighted against State Farm's arguments leads us to conclude the Legislature did not intend to allow the creation of a gap in coverage which is contrary to the purpose of the statute."

In view of the *Chavez* decision, it is apparent that the New Mexico Supreme Court would determine the "physical contact" requirement is, because of the remedial purpose of the statute and because the New Mexico State Legislature did not intend to allow the creation of a gap in coverage, in derogation of § 64-24-105, N.M.S.A., 1953 Comp., and therefore, invalid. This Court so holds. Accordingly judgment will be entered for the plaintiff-insured.