Thelma R. CHAFIN, Administratrix of the Estate of Buford H. Chafin, Deceased, et al., Appellants,

v.

AETNA INSURANCE COMPANY, a Connecticut Corporation, Appellee.

No. 75–1817.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted July 28, 1976.

Decided Nov. 4, 1976.

Rehearing Denied Dec. 23, 1976.

Michael D. Bustamante, Albuquerque, N.M., for appellant Thelma R. Chafin.

S. Jeffrey Minker, Rabinovitz, Minker & Dix, P.C., Tucson, Ariz., for appellants Jennifer Arno and Peggy Pfeifer (Michael M. Rueckhaus, Rueckhaus, Rueckhaus & Rueckhaus, P.C., and Arturo G. Ortega, Ortega, Snead, Dixon & Hanna, Albuquerque, N.M., on brief).

Edward T. Curran, Menig, Sager, Curran & Sturges, Albuquerque, N.M., for appellee.

Before SETH, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

This is an appeal from the United States District Court for the District of New Mexico, which entered a judgment in favor of Aetna Insurance Company, a third party defendant in a declaratory judgment action.

The facts giving rise to this suit are undisputed. Third party plaintiffs, Jennifer Arno, Peggy Pfeifer, and Buford H. Chafin, deceased, were occupants of a station wagon driven by Chafin when it was struck by a Ford Falcon negligently driven by Steven L. Pool, the insured of plaintiff, Charter Oak Fire Insurance Company. Arno and Pfeifer were injured, and Chafin was killed as a result of the collision.

The station wagon was covered by liability insurance, including uninsured motorist coverage, with limits of liability for bodily injury of $10,000 each person, and $20,000 each accident. This policy was written by third party defendant, Aetna Insurance Company. The Falcon was owned by Pool, and at the time of the accident was also covered by insurance with limits of liability for bodily injury of $10,000 each person and $20,000 each accident. This policy was written by plaintiff Charter Oak. Both pol-icies provided minimum liability coverage under the New Mexico financial responsibility statute at the time of the accident (N.M. S.A.1953, § 64–24–65). Charter Oak filed this declaratory judgment action against third party plaintiffs, asking the trial court to determine apportionment of its $20,000 total policy, one accident, proceeds. The three third party plaintiffs agreed to divide the proceeds equally, each receiving $6,666.66. However, each claimed damages equalling or exceeding $10,000. These claims were not challenged at trial.

The issue on this appeal is whether Aetna is liable to Arno, Pfeifer, and Chafin's executrix under its uninsured motorist coverage. Aetna argued that Pool had the coverage to meet the minimum required by the New Mexico financial responsibility law and therefore his vehicle was not an "uninsured highway vehicle" as that term is defined in part V of its policy. Third party plaintiffs present a public policy argument in support of their theory that an insured who avails himself of the protection given by an uninsured motorist provision should be allowed to recover up to the limits of that coverage, either from his insurer alone or in combination with or in addition to whatever proceeds are available from the tort-feasor's liability coverage.

In its memorandum opinion, the trial court ruled that legislative intent was not that each injured person receive at least $10,000 if his injuries warranted it, but rather to require $10,000 for any one person and $20,000 for each accident. Under this interpretation, the division of the $20,000 in proceeds from the tort-feasor's insurer among the three third party plaintiffs, which had already been agreed to, represented the proper allocation of those proceeds.

There are no controlling precedents on the point from the New Mexico Supreme Court or the New Mexico Court of Appeals. The New Mexico cases cited address different questions under the state financial responsibility act. These cases are: *Chavez v. State Farm Mutual Automobile Insurance Co.*, 87 N.M. 327, 533 P.2d 100 (1975); *Wil-*

ley v. Farmers Insurance Group, 86 N.M. 325, 523 P.2d 1351 (1974); Sloan v. Dairyland Insurance Co., 86 N.M. 65, 519 P.2d 301 (1974).

Appellants rely strongly on an Arizona case, Porter v. Empire Fire & Marine Ins. Co., 106 Ariz. 274, 475 P.2d 258, and on the Ohio case of Hanlon v. Buckeye Union Insurance Co., Ohio Com.Pl., 324 N.E.2d 598. These cases do appear to support the position of appellants, but there is no indication that the New Mexico courts would follow what appears to be a minority position. See Kemp v. Fidelity & Casualty Co. of New York, 504 S.W.2d 633 (Tex.Civ.App.); Golphin v. Home Indemnity Co., 284 So.2d 442 (Fla.App.); Detrick v. Aetna Casualty & Surety Co., 261 Iowa 1246, 158 N.W.2d 99; Smiley v. Estate of Toney, 44 Ill.2d 127, 254 N.E.2d 440 and Lund v. State Farm Mutual Automobile Ins. Co., 342 F.Supp. 917 (W.D.Okl.).

The New Mexico court in Chavez v. State Farm Mutual Automobile Ins. Co., 87 N.M. 327, 533 P.2d 100, considered at some length the statutory provisions as to uninsured motorists. There is no indication therein that the court would follow the Hanlon case because it cited an Ohio case when discussing the general purpose of uninsured motorist statutes.

The trial court determined what the New Mexico rule would be in the absence of controlling authority, and we will accept such a conclusion when not clearly wrong. We recently repeated the doctrine in Anderson v. Dun & Bradstreet, Inc., Tenth Circuit, 543 F.2d 732, filed Oct. 21, 1976. Under the circumstances before us, the conclusion reached is not clearly wrong.

AFFIRMED.