627 P.2d 869

**John Merl GUESS, Administrator of the Estates of Virginia Madine Guess, Cecil Wayne Guess and Janet R. Guess, Individually and as Guardian and Next Friend of Carrie Guess, a minor, Plaintiff-Appellant,**

v.

**GULF INSURANCE COMPANY, Defendant-Appellee.**

**No. 13083.**

Supreme Court of New Mexico.

May 4, 1981.

Gary Jeffreys, Deming, for plaintiff-appellant.

Crouch, Valentine & Ramirez, Larry Ramirez, Las Cruces, for defendant-appellee.

## OPINION

RIORDAN, Justice.

Plaintiff, as personal representative of the estates of his deceased children and as next friend of another child, filed suit against his insurance carrier seeking recovery under the uninsured motorist provision of his insurance policy for damages resulting from the death of three of his minor children and the injuries to a fourth child. The suit alleges the negligent operation by the plaintiff's wife of an uninsured automobile owned by a third party. The children were passengers in the car that was involved in the one-car accident in which plaintiff's wife also died.

The defendant filed a motion to dismiss for failure to state a cause of action, claiming that an "insured" (the plaintiff in this case) cannot maintain a direct cause of action against his insurance company and further, that since plaintiff was suing in his representative capacity the suit was barred by public policy reasons that do not allow a child to sue a parent. The trial court granted the motion to dismiss. We reverse.

The first question we address is whether an insured can bring a direct action against his own insurance company on the uninsured motorist claim. We answer in the affirmative.

■ The object of uninsured motorist insurance is to protect persons injured in automobile accidents from losses which would otherwise go uncompensated because of the tortfeasor's lack of liability coverage. *Chavez v. State Farm Mutual Automobile Ins. Co.*, 87 N.M. 327, 533 P.2d 100 (1975).

The statute creating compulsory uninsured motorist coverage states that it is:

for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for injury to or destruction of property resulting therefrom
. . . .

§ 66–5–301(A), N.M.S.A.1978 (Cum.Supp. 1980).

Defendant insurance company argues that before an insured can bring an action against his own insurance company, he must first bring an action and obtain a judgment against the uninsured motorist.

■ The statute itself does not prohibit an insured from bringing a direct action against the insurer nor does it require an action against the uninsured motorist to establish liability and damages. We do not think the Legislature intended to require the insured to first bring an action against the uninsured tortfeasor. The damages an insured is legally entitled to recover can be determined as easily in a direct suit against the insurance carrier as in a suit against the uninsured motorist. Furthermore, the Rules of Civil Procedure allow the insurance company to demand a joinder of the tortfeasor.

We hold that an uninsured motorist provision which is required by statute to be included in a motor vehicle insurance policy allows a cause of action on uninsured motorist claims to be raised in a direct action by the insured against the insurance company.

Our holding follows the view accepted by a majority of the courts which have examined this issue. In one of the leading cases in the area, *Winner v. Ratzlaff*, 211 Kan. 59, 505 P.2d 606 (1973), the Supreme Court of Kansas lists the cases from other jurisdictions which adopt a similar view. *See also*, Annot., 73 A.L.R.3d 632 (1976).

Not only does the statute require this result, but an interpretation of the applicable policy provisions, also supports this theory. The uninsured motorist clause of the policy in question reads:

The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle . . . .

Plaintiff's children, as members of the insured's household, are insured parties under the terms of the policy and are therefore covered by the uninsured motorist provision.

The policy continues:

[D]etermination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, may be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration in accordance with the arbitration provision of this policy, *or by judicial determination.* (Emphasis added.)

Does this policy provision purport to require that the judicial determination first be made against a third party before it can be made against the insurance company? We think not. The following provision of the policy makes the judicial determination referred to above inconclusive as to the liability of the insurance company:

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

There would be no reason to require the insured to first sue the tortfeasor and recover a judgment since the insurance company is not bound by that judgment under the terms of the policy.

The second ground for granting the motion to dismiss was the public policy barring suits between children (or their representative) and their parents. This judicially-created intrafamily immunity is based upon the public policies of preventing collusion and maintaining family relationships. *See Fitzgerald v. Valdez,* 77 N.M. 769, 427 P.2d 655 (1967); *Nahas v. Noble,* 77 N.M. 139, 420 P.2d 127 (1966); *Streenz v. Streenz,* 106 Ariz. 86, 471 P.2d 282 (1970).

Other intrafamily immunities based on these same policies have been abolished in recent years. In *Maestas v. Overton,* 87 N.M. 213, 531 P.2d 947 (1975), interspousal immunity for non-intentional torts was abolished. Interspousal immunity for intentional torts had previously been abolished in *Flores v. Flores,* 84 N.M. 601, 506 P.2d 345 (Ct.App.1973), *cert. denied,* 84 N.M. 592, 506 P.2d 336 (1973).

There is no stronger public policy for barring intrafamily suits between parents and children than existed for barring intraspousal suits. The arguments that family relationships will be weakened or destroyed by bringing a lawsuit is not persuasive. The relationships will be affected to a much greater extent by the conduct between the parties that causes the lawsuit to be filed. We hold that a suit may be maintained between a child and his or her representative and the parents or their personal representative.

The trial court is reversed, and this case is remanded with instructions to reinstate the case on the docket and proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.