743 P.2d 128

**Carreen DUFFEY and Peter Duffey, By his Sister and Next Friend, Carreen Duffey, Plaintiffs-Appellees,**

v.

**Janet CONSAVAGE, Defendant-Appellant.**

**No. 9348.**

Court of Appeals of New Mexico.

Aug. 20, 1987.

Richard E. Ransom, Richard E. Ransom, P.A., Albuquerque, for plaintiffs-appellees.

LeRoi Farlow, Farlow, Simone, Roberts & Weiss, P.A., Albuquerque, for defendant-appellant.

## OPINION

GARCIA, Judge.

Defendant appeals from a summary judgment rendered against her in a personal injury action. The sole issue on appeal is whether the decision of *Guess v. Gulf Ins. Co.*, 96 N.M. 27, 627 P.2d 869 (1981), abolishing parental immunity in New Mexico, should be purely prospective in application.

### FACTS

This is a suit for personal injury filed by plaintiffs against defendant, their mother, arising out of an automobile accident occurring in 1970. At the time of the accident, plaintiffs were minors and the statute of limitations was tolled. Suit was filed in 1985, after the supreme court's decision in *Guess.*

The parties stipulated that defendant's negligence proximately caused the children's injuries, and that if intrafamily immunity did not bar recovery, plaintiffs would be entitled to damages of $109,000, to be paid by defendant's automobile liability insurer. Based upon the stipulation of facts, both parties filed motions for summary judgment. Defendant filed her motion for summary judgment on the grounds that at the time of the accident there was no cause of action in New Mexico for tort liability between parent and child. Plaintiffs contended that the subsequent change in the law in New Mexico, between the time of the accident and the time for filing the complaint, was binding on the case. The trial court granted plaintiffs' motion for summary judgment and entered judgment in favor of plaintiffs against defendant.

### DISCUSSION

The court in *Guess* made no comment as to whether its decision would have retroactive or prospective effect. In applying newly-announced rules of law, New Mexico courts have utilized various approaches. For a discussion, *see Maxwell v. Ross Hyden Motors, Inc.*, 104 N.M. 470, 722 P.2d 1192 (Ct.App.1986). Where "the overruling court does not address the retroactive effect of its own decision, the modern trend is to allow lower courts to draw their own conclusion on retroactivity using appropriate guidelines." *Whenry v. Whenry*, 98 N.M. 737, 739, 652 P.2d 1188, 1190 (1982). In determining whether a decision should have retroactive effect, "a court must look at each case individually by weighing the merits and demerits, looking at the prior history of the rule in question, considering its purpose and effect and determining whether retrospective application will further or retard its operation." *Lopez v. Maez*, 98 N.M. 625, 632, 651 P.2d 1269, 1276 (1982). The *Lopez* court held that "[i]f the new law imposes significant new duties and conditions and takes away previously existing rights, then the law should be applied prospectively." *Id.*

In this vein, defendant argues that the application of *Guess* would be particularly inequitable because defendant relied on the prior law, and the accident and injuries were not investigated with any anticipation of liability. However, this case was submitted on stipulated facts, including an acknowledgement that defendant was negligent and that the negligence was the proximate cause of plaintiffs' injuries. There is no assertion that a prompt investigation would have altered this stipulation, nor is

there any claim that evidence favorable to defendant was lost. Moreover, no new duty was imposed on defendant by the abolition of the immunity doctrine. At all times, her duty was to drive with ordinary care. *See* SCRA 1986, 13–1201.

Defendant relies on *Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1975) (prospectively abolishing sovereign immunity in some cases) in urging a purely prospective application to *Guess. Hicks* presented an unusual situation where retroactive application would cause undue hardship by subjecting state and local governments to liability when they had relied on the previous immunity doctrines and had no insurance. In this case, the parties acknowledge that defendant had adequate insurance to cover plaintiffs' injuries.

We find the circumstances in *Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981) more analogous. After considering the preference and desirability of comparative negligence over contributory negligence, the supreme court held that comparative negligence would be applicable to all cases filed subsequent to *Scott,* and to cases pending both in the trial court and the appellate courts. Similarly, we believe the equities are on plaintiffs' side in filing their complaint four years after *Guess* abolished parental immunity. As with contributory negligence, our supreme court, in *Guess,* held that the doctrine of parental immunity was outmoded and unproductive. In light of the nature of this case and the equities involved, we hold that the decision in *Guess* should be given modified prospectivity. *See, e.g., Navajo Freight Lines, Inc. v. Baldonado,* 90 N.M. 264, 562 P.2d 497 (1977). Application of the *Guess* opinion

abolishing intrafamily immunity will not lead to inequitable results where the existence of a valid claim for negligence is conceded and the presence of adequate insurance coverage is acknowledged. Under such circumstances, we are hard pressed to find prejudice. Any hardship defendant might suffer as a result of the modified prospective application of *Guess* would be negligible. *See, e.g., Scott v. Rizzo; Brosseau v. New Mexico State Highway Dep't,* 92 N.M. 328, 587 P.2d 1339 (1978); *Navajo Freight Lines, Inc. v. Baldonado.*

Defendant also has relied on authority from other jurisdictions. *See, e.g., Schwartz v. U.S. Rubber Corp.,* 112 N.J. Super. 595, 272 A.2d 310 (1971) (holding that a decision rejecting parental immunity applied only to causes of action arising after the date of that decision). For the foregoing reasons, we have concluded that New Mexico authority dictates a different result.

## CONCLUSION

In sum, we agree with the trial court's conclusion that the doctrine of parental immunity does not apply to this case filed after *Guess.* Parties shall bear their own costs. We affirm.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.