760 P.2d 152

**Billy CASTORENA, Plaintiff–Appellant,**

v.

**COLONIAL LIFE AND ACCIDENT INSURANCE COMPANY, Defendant–Appellee.**

**No. 17403.**

Supreme Court of New Mexico.

Aug. 25, 1988.

Daniel J. O'Friel, Winston Roberts–Hohl, Santa Fe, for plaintiff-appellant.

Durrett, Jordon & Durrett, P.C., Lisa K. Durrett, Charles W. Durrett, Alamogordo, for defendant-appellee.

## OPINION

STOWERS, Justice.

Plaintiff-appellant, Billy Castorena (Castorena), the decedent, by his personal representative Magdelena Castorena, appeals from the judgment of the district court granting the motion for summary judgment in favor of defendant-appellee, Colonial Life and Accident Insurance Company (Colonial). We affirm.

While driving his automobile on March 25, 1986, Castorena, a diabetic, had a severe attack of hypoglycemia. Unconscious, he veered off the road and his car came to rest on top of a sign. Castorena sustained no injuries in this one-car accident. Since he was comatose due to the diabetic seizure, he was transported to a local hospital. At the hospital, Castorena received an intravenous (IV) solution of glucose for insulin shock. The IV needle, however, was not properly inserted, forcing a large quantity of solution into the upper part of his left hand. Thereafter, his left hand became gangrenous. Castorena underwent surgery to treat the hand, but finally a below the elbow amputation of his left arm had to be performed.

During this time, Castorena had in effect an insurance policy with Colonial that included a payment provision for a single dismemberment arising out of an *accident.* Castorena filed a claim with Colonial for the loss of his left arm. Colonial denied the claim on the ground that the amputation was not covered within the policy because the dismemberment was the result of a medical procedure for his diabetic condition and not the result of an accident.

Castorena filed suit against Colonial for breach of contract, bad faith and violation of the New Mexico Insurance Code, NMSA 1978, Sections 59A–16–1 to—30. Both parties moved for summary judgment. The trial court granted judgment in favor of Colonial ruling that Castorena's claim fell within the exclusionary provisions of the policy.

The issue for our determination is whether the amputation of the left arm was the result of the misdirection of the IV needle into Castorena's left hand, or whether it was the result of an accidental injury as defined by the policy.

It is well settled that the obligation of a liability insurer is contractual, *Willey v. Farmers Ins. Group,* 86 N.M. 325, 326, 523 P.2d 1351, 1352 (1974), and a valid contract between the insurer and insured governs their rights and duties. *See March v. Mountain States Mut. Cas. Co.,* 101 N.M. 689, 687 P.2d 1040 (1984). Exclusionary provisions in an insurance policy are enforceable so long as their meaning is clear and they do not conflict with statutory law. *Chavez v. State Farm Mut. Auto. Ins. Co.,* 87 N.M. 327, 329, 533 P.2d 100, 102 (1975); *Willey,* 86 N.M. at 326, 523 P.2d at 1352; *see also Estep v. State Farm Mut. Ins. Co.,* 103 N.M. 105, 703 P.2d 882 (1985) (exclusionary clauses require a narrow construction).

Where questions arise because of ambiguities in an insurance contract, a liberal construction in favor of the insured is adopted. In construing the language of an insurance policy, terms and phrases of the policy are to be given their usual and ordinary meaning unless language within the policy requires something different. *Couey v. National Benefit Life Ins. Co.,* 77 N.M. 512, 518, 424 P.2d 793, 796 (1967). Where insurance contract provisions are neither ambiguous nor in conflict with statutory law, this court will not alter or amend the provisions of an otherwise legal contract for the benefit of one party and to the detriment of another. *See Smith v. Price Creameries,* 98 N.M. 541, 650 P.2d 825 (1982).

In the present case, the insuring clause of the policy, in relevant part, states: "If accidental injuries from any one accident result in DISMEMBERMENT * * * within ninety days from the date of such accident, [Colonial] will pay the amount shown in the Policy Schedule for *Single Dismemberment.* * * *" In Section B, the policy defines "accidental injury" as a "bodily injury effected solely, directly, independently and exclusively of all other causes by accident during the term of this Policy." The policy further provides an exception in Section C for disease: "The Policy does not cover any loss caused or contributed to by, or occurring as follows: Disease or any degenerative process; physical or mental infirmity; medical, surgical or diagnostic procedure therefor * * *."

It is plaintiff's claim that the amputation of his left arm was the outcome of an accident, namely the improper injection of the IV needle into his left hand, and this accident required surgery resulting in the dismemberment. Colonial argues, on the other hand, that the medical procedure or amputation was caused by Castorena's diabetic disease and, thus, specifically excluded from coverage by the policy. We agree with Colonial's position.

A loss resulting from medical or surgical treatment of a bodily condition caused by accidental means does not exempt the insurer from the payment of benefits under the exclusionary clause, while a loss resulting from such treatment of a bodily condition *not* caused by accidental means is one which is expressly excluded from the coverage of the benefit by the limiting language of the exclusionary clause. *Dinkowitz v. Prudental Ins. Co. of Am.*, 90 N.J.Super 181, 188, 216 A.2d 613, 617 (Law Div.1966). *Cf. Scott v. New Empire Ins. Co.*, 75 N.M. 81, 85, 400 P.2d 953, 956 (1965) ("accidental means" is synonymous with the term "accident" in an insurance policy). A mistake by a physician in treating a patient's illness constitutes an "accident" or "unintended occurrence"; but, because that mistake occurs during the "medical treatment" of the patient, it is not a risk assumed by the insurance company within the language of the policy. *Dinkowitz*, 90 N.J.Super. at 188, 216 A.2d at 618.

All jurisdictions except one that have considered exclusionary clauses similar to the one at issue have held such provisions to exclude from coverage a medical accident or mistake occurring in the course of medical treatment. *Whetsell v. Mutual Life Ins. Co.*, 669 F.2d 955, 956 & n. 1 (4th Cir.1982) and *Pickard v. Transamerica Occidental Life Ins. Co.*, 663 F.Supp. 126, 127 (E.D.Mich.1987). *But see Mayfield v. Metropolitan Life Ins. Co.*, 585 S.W.2d 163 (Mo.Ct.App.1979) (where a medically-related mishap was not excluded from coverage). To come to a different result would render these exclusionary provisions meaningless.

As the trial court correctly concluded, the language in Castorena's policy is not ambiguous. The loss of his left arm was the result of a medical procedure for a bodily condition. The automobile accident, in which Castorena sustained no injuries, occurred as a result of his diabetic seizure. The reason he was hospitalized and injected with an IV solution of glucose was to treat the diabetes. But for the disease the IV would have been unnecessary in this case. The improper insertion of the IV needle, although an unintended occurrence or mistake, occurred during the medical treatment of Castorena's diabetic condition. As such the loss of his arm is excluded by the language of the policy.

The trial court correctly granted summary judgment in favor of Colonial. No genuine issue of material fact existed for determination by the trier of fact. Accordingly, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS and RANSOM, JJ., CONCUR.

SOSA, Senior J., not participating.