519 P.2d 301

**William A. SLOAN, Executor of the Estate of Sheila R. Witte, Deceased, Plaintiff-Appellee,**

v.

**DAIRYLAND INSURANCE COMPANY, a corporation, Defendant-Appellant.**

**No. 9761.**

Supreme Court of New Mexico.

Feb. 22, 1974.

Farlow & Lill, Daniel C. Lill, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Jackson G. Akin, Jay R. Gentry Ortiz, Albuquerque, for appellee.

OPINION

STEPHENSON, Justice.

This action was brought in the Bernalillo County District Court seeking judgment under an insurance contract providing uninsured motorist protection. The trial court granted plaintiff's motion for summary judgment and defendant appealed. The parties will be designated as they appeared below.

Suit was filed by the executor of the Witte estate against Dairyland Insurance Company ("Dairyland") to recover damages of which $10,000.00 was claimed under the uninsured motorist provision of a policy of insurance issued by Dairyland. Dairyland answered admitting the existence of the policy of insurance providing for uninsured motorist coverage and otherwise generally denying the claims of plaintiff. The executor then moved for summary judgment under the uninsured motorist provision of Dairyland's policy, the latter stipulating that the issue of liability of the defendant for payment of the $10,000.-00 under the uninsured motorist provision was a question of law for the court. The court thereupon entered its judgment in favor of the executor as to the uninsured motorist coverage and Dairyland appealed.

The undisputed facts necessary for consideration of this appeal have been agreed to by the parties and may be summarized as follows:

1. The decedent, Sheila Witte was a passenger in a Pontiac automobile owned and driven by Joseph A. Teresi.

2. The Pontiac was struck by an automobile driven by LeRoy Vallejos, Jr. in Bernalillo County, and as a result of the collision Ms. Witte died from the injuries she sustained.

3. The accident was caused by the negligence of Mr. Vallejos, who, at the time of the accident, was an uninsured motorist.

4. The decedent was not contributorily negligent. The damages to her estate exceed $20,000.00.

5. At the time of the accident there was in force a policy of insurance covering the Pontiac with State Farm Insurance Company. Among its other coverages was uninsured motorist coverage in the amount of $10,000.00.

6. The executor made claim against State Farm for the full amount of the uninsured motorist coverage on Mr. Teresi's policy which State Farm has paid.

7. At the time of the collision there was in force a policy of automobile insurance on the decedent's Oldsmobile (this car was not involved in the accident) with Dairyland which provided, among other coverages, uninsured motorist coverage to the limit of $10,000.00.

8. The executor made claim against Dairyland for $10,000.00 under its uninsured motorist coverage and Dairyland refused payment. Based upon the recovery under the State Farm policy, Dairyland invoked an "other insurance" provision in its own policy in order to deny coverage pursuant to the uninsured motorist clause contained in its policy. The "other insurance" provision stated that:

"With respect to bodily injury to an insured while occupying a highway vehicle not owned by the named insured, this insurance shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The trial court held that the "other insurance" provision just quoted was in violation of § 64-24-105, N.M.S.A.1953 Comp., and entered summary judgment for the estate. The question in this appeal is, therefore, whether or not an insurer may limit or eliminate its liability, imposed on it by § 64-24-105, N.M.S.A. 1953 by means of an "other insurance" provision, and may after accepting premiums for such coverage deny that liability cited. The statute provides in pertinent part that:

"On and after January 1, 1968, no motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person, and for injury to or destruction of property of others arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto in limits * * * [set forth in the liability coverage statute, § 64-24-79, N.M.S.A.1953], for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for injury to or destruction of property resulting therefrom. * * * Provided further that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a re-

newal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

There are two lines of authority construing statutes similar to ours and insurance provisions identical to those involved here. The problem posed by each is stated by the author of the annotation in 28 A.L.R.3d 551, 554 (1969), as follows:

"A number of courts have held that 'other insurance' provisions, whether in the form of a 'pro-rata,' 'excess insurance,' 'excess-escape,' or other similar clause, are invalid as a part of uninsured motorist protection, on the ground that the statute requiring every liability policy to provide this type of protection will not permit the insurer to provide in any way that the coverage will not apply where other insurance is also 'available,' despite the fact that the insured may thus be put in a better position than he would be in if the other motorist were properly insured. Other courts have stated, however, that the design and purpose of uninsured motorist statutes are to provide protection only up to the minimum statutory limits for bodily injuries, and not to provide the insured with greater insurance protection than would have been available had he been injured by an insured motorist, and have held that such 'other insurance' provisions are valid where they do not reduce coverage below the minimum statutory limits."

 An examination of the authorities convinces us that the better reasoned line of cases construe statutes such as ours to allow recovery on more than one policy, even though the statutory limit of one policy is exceeded as is the minimum coverage provided by the statutory scheme, if the injured party's damages exceed the limits of one of the policies.

An oft-cited case espousing this view is Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla.1966). In refusing to give effect to the "other insur-ance" clause in Sellers, the Florida court stated:

"There appears no latitude in the statute for an insurer limiting its liability through 'other insurance'; 'excess escape' or 'pro rata' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected."

Another persuasive authority is Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (1970) which reviews the development of uninsured motorist statutes and precedents from a number of jurisdictions.

American Mutual Insurance Company v. Romero, 428 F.2d 870 (10th Cir. 1970) is a declaratory judgment case affirming Judge Bratton's decision invalidating an "other insurance" clause in light of § 64–24–105, N.M.S.A. 1953. The facts in Romero are similar to those in this case. Mr. Romero was a passenger in a car driven by Sally Summers which collided with a car driven by an uninsured motorist. Romero recovered from Summers and also sought to recover under his own uninsured motorist coverage. American Mutual asserted the "other insurance" clause, arguing that they were not liable because Romero's recovery from Summers exceeded his own policy limits.

The 10th Circuit rejected the insurance company's argument and after reviewing some of the leading cases, held that to allow American to prevail would be to allow the company to reduce its stated coverage below that required by the new Mexico uninsured motorist statute.

See also Blakeslee's Estate v. Farm Bureau Mutual Insurance Co., 32 Mich.App. 115, 188 N.W.2d 216 (1971), affirmed 388 Mich. 464, 201 N.W.2d 786 (1972); and

Van Tassel v. Horace Mann Insurance Company, 207 N.W.2d 348 (Minn.1973).

Appellant urges that our legislature's true intention was to provide for $10,000 of minimum protection for those injured by uninsured motorists, and no more. It says that otherwise the estate here would receive a "windfall" not contemplated by the legislature, and that the estate would receive more than would have been the case had Mr. Vallejos had the minimum liability coverage. Certainly appellant's position is supported by respectable authority. For example, see Transportation Insurance Company v. Wade, 106 Ariz. 269, 475 P.2d 253 (1970); Harris v. Southern Farm Bureau Casualty Ins. Co., 247 Ark. 961, 448 S.W.2d 652 (1970); and Lyon v. Hartford Accident and Indemnity Company, 25 Utah 2d 311, 480 P.2d 739 (1971).

We do not agree with the reasoning of appellant predicated on these cases. We find in our statutory scheme a minimum uninsured motorist coverage without difficulty, but are unable to perceive a maximum. Had the legislature intended the $10,000 to be both a minimum and a maximum it could easily have said so, but it did not. Nor do we view the recovery allowed by the court below as being a "windfall". The total damages suffered by the estate exceed the total recovery. On the other hand appellant is seeking to avoid coverage for which it contracted and received a premium.

We have not overlooked American Employers' Insurance Co. v. Continental Cas. Co., 85 N.M. 346, 512 P.2d 674 (1973) and that we could have reached the same result by holding that the two "other insurance" clauses with which we are here concerned are mutually repugnant and must be disregarded. Indeed, some cases, when confronted with the present fact situation, have done exactly that. Kackman v. Continental Insurance Company, 319 F.Supp. 540 (D.Alaska 1970). Also see Lamb-Weston, Inc. v. Oregon Automobile Insurance Co., 219 Or. 110, 341 P.2d 110, 76 A. L.R.2d 485 (1959).

The judgment of the trial court is affirmed.

It is so ordered.

McManus, C. J., and OMAN, J., concur.