738 P.2d 1315

**Johnny BRANCHAL, Plaintiff-Appellee,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, an insurance corporation, Defendant-Appellant.**

**No. 16865.**

Supreme Court of New Mexico.

June 1, 1987.

Gallagher & Casados, J.E. Casados, Albuquerque, for defendant-appellant.

Daniel J. O'Friel, Winston Roberts-Hohl, Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Justice.

The sole issue in this appeal is whether an injured passenger looks to uninsured motorist coverage from the insurer of the vehicle in which he was riding at the time of the injury, or to his own insurer for uninsured coverage, as the primary insurer. The trial court ruled that the passenger's own insurer was the primary insurer. We reverse.

Plaintiff and the trial court seemed to rely on *Sloan v. Dairyland Insurance Co.,* 86 N.M. 65, 519 P.2d 301 (1974), as requiring the court to rule as it did. We do not read *Sloan* in that manner. *Sloan* merely decided that, in addition to collecting damages upon the policy issued to the driver in whose automobile Sloan was riding when injured, Sloan's estate was also entitled to recover against Sloan's own insurer under its uninsured motorist clause. The question of primary and secondary coverage was not reached.

We agree with *Sloan* that "other insurance" clauses may not be construed to prohibit recovery from more than one policy, at least to the extent of the injured's loss and the second policy's limits, and we recognize that there is a split among the jurisdictions regarding sole, primary, or no liability on the part of the passenger's insurer. The cases collected at Annotation, *Uninsured Motorist Insurance: Validity And Construction Of "Other Insurance" Provisions,* 28 A.L.R.3d 551 (1969) and Annotation, *Apportionment of Payments Of No-Fault (Personal Injury Protection) Benefits Between Insurers Providing Coverage To Same Insured Under Policies Covering Different Vehicles,* 34 A.L.R.4th 374 (1984), illustrate the diversity of the decisions in cases somewhat similar to the matter at issue here. We are persuaded, however, that it is the better and more reasonable rule to require the insurer of the vehicle in which the injured party was riding as a passenger, rather than as an owner or driver, to first pay uninsured motorist benefits before the injured party's insurer may be required to pay under its uninsured motorist coverage.

Most of the cases we have reviewed do not discuss primary and secondary cover-

age. Instead, the question more often has been whether the injured passenger may also recover from his own insurer after the owner/driver's insurer has paid under its policy. It is on that issue that the cases diverge, rather than on the question of primary and secondary coverage. *See, e.g., Tindall v. Farmers Auto. Management Corp.*, 83 Ill.App.2d 165, 226 N.E.2d 397 (1967).

We are of the opinion, particularly in view of our prior decisions permitting "stacking" (*see Sloan*), that the insurer of the vehicle involved in the accident owes primary coverage to the limits of its policy if less than the loss suffered, and that any other available insurance becomes secondary to the extent of plaintiff's injuries *and* the limits of the secondary insurer's uninsured motorist coverage. We agree with the court's statement in *Transamerican Insurance Co. v. Austin Farm Center, Inc.*, 354 N.W.2d 503 (Minn.App.1984), one case which does discuss primary and secondary liability, that the automobile policy "closest to the risk" ranks ahead of another policy arguably in conflict in the "other insurance" clauses, insofar as priority for payment is concerned. The policy covering the vehicle involved in the accident is closer to the risk than the policy insuring the non-owner driver or passenger. *Transamerican.*

This is in accord with our decisions concerning automobile liability insurance, *see, e.g., State Farm Mut. Auto. Ins. Co. v. Foundation Reserve Ins. Co.*, 78 N.M. 359, 431 P.2d 737 (1967), and we see no reason to hold otherwise with respect to uninsured motorist coverage.

On the question of primary liability, the trial court is reversed. The case is remanded for further proceedings.

IT IS SO ORDERED.

STOWERS and RANSOM, JJ., concur.