748 P.2d 512

**Caroline MORRO, Plaintiff–Appellee,**

**v.**

**FARMERS INSURANCE GROUP, d/b/a Farmers Insurance of Arizona, Defendant,**

**and**

**Foundation Reserve Insurance Company, Defendant–Appellant.**

**No. 17129.**

Supreme Court of New Mexico.

Jan. 19, 1988.

Hinkle, Cox, Eaton, Coffield & Hensley, Richard E. Olson, Rebecca Nichols Johnson, Roswell, for defendant-appellant.

Wilson and Martin, Kenneth B. Wilson, Roswell, for plaintiff-appellee.

**OPINION**

WALTERS, Justice.

On January 16, 1987, as plaintiff Caroline Morro was loading groceries into the trunk

of her daughter's automobile, a third party struck her and caused serious injuries. The third party had liability insurance coverage with Farmer's Insurance of Arizona. Morro's daughter had insurance coverage with the defendant Foundation Reserve. In addition, Morro had two policies with Farmer's Insurance on cars not involved in the accident. All policies had a $25,000 limit.

Farmer's Insurance and Morro settled, and she sought recovery from Foundation Reserve under the underinsured provision of the policy covering her daughter's vehicle. Both parties agreed that Morro was a class two insured under the Foundation policy. Morro's status as an occupant of her daughter's vehicle is not an issue on appeal. The trial court granted summary judgment in Morro's favor, holding that she was entitled to stack the underinsured motorist benefits of the Foundation policy with the two Farmer's Insurance underinsured motorist benefits she carried when determining her entitlement to uninsured coverage. This appeal followed.

New Mexico has mandated statutorily that insurance companies shall include underinsured motorist coverage with uninsured motorist coverage in all automobile liability policies sold in the state. *See* NMSA 1978, § 66–5–301 B (Repl.Pamp. 1984). The statute defines "underinsured motorist" as an "operator of a motor vehicle with respect to ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage." *Id.* Morro claims that the sum of the limits of all of her available uninsured motorist coverage is $75,000 (her two policies with Farmer's and her daughter's policy with Foundation). She argues, therefore, that the third party is an underinsured motorist pursuant to the statutory definition and that she is entitled to recover from Foundation. Foundation contends that Morro may not aggregate or "stack" her two underinsured policies, under which she was a class one insured, with Foundation's underinsurance policy, under which

she was a class two insured, to determine her underinsured status. Foundation claims that it is not liable for underinsurance coverage because the limits of the tortfeasor's liability insurance is not less than but equals the maximum limits of its uninsured motorist coverage ($25,000). Asserting that the trial court incorrectly determined the third party's status as an underinsured motorist with respect to its policy, Foundation claims that the trial court erred in allowing Morro to recover under its policy.

We have never had occasion to decide whether an insured may stack his class one coverage with coverage under which he is a class two insured. We have stated, however, that in expanding uninsured motorist protection to include underinsured coverage, the legislature intended to compensate victims of inadequately insured drivers. *Konnick v. Farmers Ins. Co. of Ariz.*, 103 N.M. 112, 114, 703 P.2d 889, 891 (1985). Similarly, in considering underinsured motorist coverage, we held that the "intent of the Legislature was to put an injured insured in the same position he would have been in had the tortfeasor had liability coverage in an amount equal to the uninsured/underinsured motorist protection *purchased for the insured's benefit.*" *Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). (Emphasis added.)

For the purpose of "stacking," the *Konnick* court equated underinsured motorist coverage with uninsured motorist coverage, *Konnick*, 103 N.M. at 114 n. 1, 703 P.2d at 891 n. 1, and observed that similar policy considerations apply for both types of coverage. *Id.* at 114, 703 P.2d at 891. The term "stacking" refers to an insured's attempt to recover damages in aggregate under more than one policy or one policy covering more than one vehicle until all damages either are satisfied or the total policy limits are exhausted. *Gamboa v. Allstate Ins. Co.*, 104 N.M. 756, 757, 726 P.2d 1386, 1387 (1986); *Lopez v. Foundation Reserve Ins. Co., Inc.*, 98 N.M. 166, 168, 646 P.2d 1230, 1232 (1982). In addition, the term "class one insured" generally

encompasses those persons who are named insureds under a policy, *i.e.,* the owner, the spouse, and any relatives living in the household; and the term "class two insured" pertains to any person occupying the insured motor vehicle at the time of the accident. *Konnick,* 103 N.M. at 115, 703 P.2d at 892. First class insureds generally "are covered by policies no matter where they are or in what circumstances they may be; coverage is not limited to a particular vehicle." *Gamboa,* 104 N.M. at 758, 726 P.2d at 1388. "[S]econd class insureds are covered only because they occupy an insured vehicle." *Id.* Class one insureds "may stack all uninsured/underinsured motorist policies purchased by the named insured since the policies were obtained specifically to benefit the named insured and members of his family." *Schmick,* 103 N.M. at 220, 704 P.2d at 1096. Class two insureds, however, "are restricted to recovering under the policy on the car in which they rode because the purchaser of the policy only intended occupants to benefit from that particular policy." *Id.*

We have upheld the practice of stacking coverages under various insurance policies. For example, in *Sloan v. Dairyland Insurance Co.,* 86 N.M. 65, 519 P.2d 301 (1974), we declared that interpolicy stacking was valid to allow recovery on more than one uninsured motorist policy. In *Sloan,* the court disapproved of an insurance company's attempt to avoid coverage for which it had received premiums, and permitted the decedent's estate to recover damages from a policy covering the vehicle involved in the accident and from a separate policy covering another of the decedent's automobiles not involved in the accident. *Id.* at 66, 519 P.2d at 303. In short, the *Sloan* court allowed the stacking of two policies covering a class one insured.

In *Lopez,* we approved of intrapolicy stacking, allowing a class one insured to aggregate coverages for two or more vehicles insured under one uninsured motorist policy. In permitting the insured to combine the coverage for which he had paid separate premiums, the *Lopez* court reasoned that intrapolicy stacking fulfilled the reasonable expectations of the insured.

*Lopez,* 98 N.M. at 170–71, 646 P.2d at 1234. The court refused, however, to allow recovery by a class two insured passenger from a policy covering a class one insured driver's second car that had not been involved in the accident. *Id.* at 172, 646 P.2d at 1236. Similarly, in *Gamboa,* we held that the estate of the occupant of an insured vehicle owned by the occupant's father was not entitled to recover from a policy covering the automobile owned by the driver's father that was not involved in the accident. The court permitted the estate of the class two insured—the occupant—to recover under the policy covering the vehicle in which he was an occupant in the accident, but reasoned that the deceased passenger-occupant was neither a first nor second class insured under the insurance contract covering the other automobile. *Gamboa,* 104 N.M. at 760, 726 P.2d at 1390.

In *Konnick,* we gave effect to the reasonable expectations of the purchaser of two insurance policies providing uninsured/underinsured motorist coverage for two vehicles and allowed a class one insured to recover from both policies. The *Konnick* court stated that "[a]s with uninsured motorist coverage, an insured is entitled to stack the underinsured motorist policies for which separate premiums have been paid," *Konnick,* 103 N.M. at 114, 703 P.2d at 891, reasoning that the purchaser of a policy expects that benefits will be paid to an occupant if an underinsured motorist injures the occupant of the insured vehicle. *Id.* at 115, 703 P.2d at 892. In *Konnick,* the injured person was a named insured, and the court classified him as a class one insured entitled to recover from each of the insured's policies. *Id.* at 116, 703 P.2d at 893.

In *Schmick,* noting that the "only limitations to be placed on uninsured/underinsured motorist coverage are that the insured legally be entitled to recover damages and that the negligent driver be either uninsured or underinsured," we permitted a class one insured to stack the proceeds from an underinsured motorist policy covering her vehicle that was not involved in the accident with her underinsured policy

covering the vehicle involved in the accident to determine the tortfeasor's underinsured status. The *Schmick* court reiterated the policy of "compensating persons injured through no fault of their own," and invalidated an exclusionary clause in the insurance contract that limited the insured's right to recover. *Schmick*, 103 N.M. at 221, 704 P.2d at 1097.

Furthermore, the court in *Schmick* addressed the issue of offsetting the insured's recovery by the amount of the tortfeasor's liability coverage. The *Schmick* court concluded that the "Legislature intended that the amount of underinsured benefits due would differ depending on the relative amounts of coverage purchased by the tortfeasor and the insured." *Id.* at 222, 704 P.2d at 1098. Concluding that underinsured status is created when the aggregate of the insured's uninsured motorist coverage is greater than the tortfeasor's liability coverage, the court held that an offset was required. *Id.* at 223, 704 P.2d at 1099. Although noting that NMSA 1978, Section 66–5–301 (Repl.Pamp.1984) did not provide specifically for an offset, *Schmick* declared that an offset was inherent in the statutory definition of "uninsured motorist." *Schmick*, 103 N.M. at 223, 704 P.2d at 1099. In ruling that the statute limited the insured's recovery to the aggregate amount of uninsured motorist coverage purchased for his benefit, the court held that "an insured collects from his underinsured motorist carrier the difference between his uninsured motorist coverage and the tortfeasor's liability coverage or the difference between his damages and the tortfeasor's liability coverage, whichever is less." *Id.* at 222, 704 P.2d at 1098.

Foundation's policy contained a provision defining an underinsured vehicle as one in which the tortfeasor's bodily injury liability coverage is less than the amount of underinsurance provided by the Foundation policy. Upon that provision Foundation asserts it has no underinsured liability at all because its underinsurance coverage was not greater than the tortfeasor's liability coverage. Adhering to the well-established policy that " 'other insurance' clauses may not be construed to prohibit recovery from

more than one policy, at least to the extent of the injured's loss and the second policy's limits," we affirm the trial court insofar as it permitted Morro to stack all underinsured motorist policies under which she is a beneficiary to determine the tortfeasor's status as an underinsured motorist. *Branchal v. Safeco Ins. Co. of Am.*, 106 N.M. 70, 70, 738 P.2d 1315, 1315 (1987).

■ Although we never have considered whether a class two insured may aggregate that coverage with her class one insured coverage, our case law overwhelmingly supports such a proposition. Morro was an occupant of the Foundation insured vehicle at the time of the accident and may recover under that policy because the policy intended that an occupant of the insured vehicle benefit from that policy for which premiums were paid on her behalf. Simply because Morro legally is entitled to recover as a class two insured, there is no satisfactory reason that she should not be able to combine that recovery with the benefits provided under other coverage as a class one insured. Allowing "stacking" in this instance furthers the policy of compensating persons injured through no fault of their own and placing them in the same position as if the tortfeasor had liability coverage. equalling the amount of underinsured motorist coverage purchased for the insured's benefit.

The offset issue in *Schmick* was uncomplicated because one insurance carrier provided both underinsured motorist policies to the same person. In the instant case, however, there are three underinsurance policies issued by two insurance carriers. There appears to be no dispute that if stacking is permitted, Morro should recover a minimum of $75,000, no argument being presented that her damages were less than that amount. Foundation argues that its liability should be offset by $25,000 (the amount of the tortfeasor's liability coverage) or, alternatively, by 50% of that coverage because only one other insurer, Farmer's, provided coverage. Foundation thus focuses on the number of underinsurance insurers rather than on the number of policies for which premiums were paid. The trial court found that plaintiff was a class

two insured entitled to a limit of $25,000 coverage under the Foundation policy, and a class one insured entitled to a limit of $25,000 coverage under each of her Farmer's policies. But because the tortfeasor's policy had already become liable for $25,000 of Morro's damages, the court awarded Foundation a one-third credit of the tortfeasor's liability insurance proceeds, thus prorating Morro's excess $50,000 entitlement equally among the three remaining policies.

The result of such proration gave Farmer's a two-thirds credit of the tortfeasor's $25,000 liability against Farmer's underinsured liability, which recognized plaintiff's right to recover under her two Farmer's policies and Farmer's obligation to pay under both policies. We cannot agree with Foundation that there was anything unfair in such an allocation of credit toward the liability of both insurers to plaintiff under all three underinsurance policies.

The judgment is AFFIRMED.

SCARBOROUGH, C.J., and RANSOM, J., concur.