787 P.2d 452

**FOUNDATION RESERVE INSURANCE COMPANY, INC., Plaintiff–Appellant,**

v.

**Antonio MARIN and Leonel Prieto, Defendants,**

**and**

**Teresa Marin, Individually and as Personal Representative of the Estate of Anita Prieto, Defendant–Appellee.**

No. 18708.

Supreme Court of New Mexico.

Feb. 23, 1990.

Atwood, Malone, Mann & Turner, P.A., John Nelson, Roswell, for plaintiff-appellant.

Duhigg, Cronin & Spring, P.A., Leon Thomas, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Chief Justice.

Foundation Reserve Insurance Company filed a declaratory judgment action to determine liability under an automobile insurance policy issued to Teresa Marin and her husband on their Ford Bronco. Marin was named in her individual capacity and as personal representative of the estate of her minor daughter. Both parties filed motions for summary judgment, and the district court entered judgment partially granting and denying each motion. The court found no coverage existed under the liability or medical payments provisions of the policy, but allowed coverage under the uninsured motorist provision. Foundation appeals the ruling on the uninsured motorist coverage. We affirm.

The facts are undisputed. Marin's daughter was killed in a two-car collision while Marin's husband was driving an uninsured Chrysler in which the daughter was a passenger. The parties agree that the accident was caused at least in part by the negligence of Mr. Marin, although the extent of his fault is not an issue in this appeal.

At the time of purchasing insurance on the Ford, the Marins owned the Chrysler, and apparently made a deliberate decision not to insure it. Mr. and Mrs. Marin were the named insureds on the Ford policy, and the daughter was covered as a "family member," making her a class one insured. *See Konnick v. Farmers Ins. Co.*, 103 N.M. 112, 703 P.2d 889 (1985) (named insureds, their spouses, and relatives who live in the same household are "class one" insureds).

The policy contained the following provision: "[An] 'uninsured motor vehicle' does not include any vehicle or equipment: 1. Owned by or furnished or available for the regular use of you or any 'family member'." Foundation claimed this exclusion precluded coverage since the uninsured Chrysler was a vehicle owned by or furnished or available for their regular use. Foundation argues this case is controlled by *Willey v. Farmers Insurance Group*, 86 N.M. 325, 523 P.2d 1351 (1974), and that it was entitled to judgment as a matter of law. The insured in *Willey* was a passenger in her own vehicle and was killed when the authorized, uninsured driver negligently collided with another vehicle. The court upheld the validity of the definition of an uninsured motor vehicle, as not including a vehicle owned by or furnished for regular use of the named insured, and affirmed the district court's dismissal of the insured's claim.

Marin submits that, in her capacity as personal representative, she was entitled to recover uninsured motorist benefits under the Ford policy because her husband was driving an uninsured motor vehicle and his negligence was a cause of her daughter's death. She claims that such coverage is personal and not vehicle-oriented. Marin further maintains that Foundation's exclusionary provision is contrary to our Unin-

sured Motorists' Insurance statute, NMSA 1978, Section 66–5–301 (Repl.Pamp.1989), and asserts that the proper precedent to be followed under these circumstances is *Chavez v. State Farm Mutual Automobile Insurance Co.*, 87 N.M. 327, 533 P.2d 100 (1975). We agree and hold that *Chavez*, more thoroughly reasoned than *Willey*, is controlling, and find the exclusionary clause in violation of public policy and the express language of the statute. *See Continental Ins. Co. v. Fahey*, 106 N.M. 603, 747 P.2d 249 (1987) (exclusionary provision in insurance contract that conflicts with express language of statute or with legislative intent is void).

In *Chavez*, the district court held a similar exclusionary provision to be in violation of public policy under our former, but materially identical, uninsured motorist insurance statute. There the court invalidated a clause that excluded the insured from coverage when the insured was riding in an uninsured vehicle. Although not expressly overruling *Willey*, the court in *Chavez* observed that "[t]here does not appear in the [*Willey*] opinion any consideration of the objective of the statute * * *." 87 N.M. at 328, 533 P.2d at 101.

The purpose of uninsured motorist insurance, articulated in *Chavez*, is "to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated * * *. In other words, the legislative purpose * * * was to place the injured policyholder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance." 87 N.M. at 329, 533 P.2d at 102. This underlying policy is to compensate persons injured through no fault of their own. *Konnick v. Farmers Ins. Co. of Ariz.*, 103 N.M. 112, 703 P.2d 889 (1985); *State Farm Auto. Ins. Co. v. Kiehne*, 97 N.M. 470, 641 P.2d 501 (1982).

The statute must be liberally construed. *Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, 704 P.2d 1092 (1985). The only legitimate limitations on recovery are those specifically set out in Section 66–5–301: (1) that the insured legally be entitled to recover damages, and (2) that

the negligent driver be uninsured. *Continental Ins. Co.*, 106 N.M. at 605, 747 P.2d at 251. The circumstances surrounding the death of Marin's daughter satisfy both requirements, and, as a passenger in an uninsured vehicle, she was insured against bodily injury including death. *See Lopez v. Foundation Reserve Ins. Co.*, 98 N.M. 166, 169, 646 P.2d 1230, 1233 (1982) ("When someone purchases general uninsured motorist coverage he is insured against bodily injury * * * as a passenger in an uninsured car * * *.").

Under the present circumstances, the exclusionary provision Foundation urges us to uphold is incompatible with the stated purposes of the uninsured motorist insurance statute, and thus "invalid because it is not the intent of the statute to limit coverage for an insured to a particular location or a particular vehicle." *Chavez*, 87 N.M. at 330, 533 P.2d at 103. The legislature intended that an injured person be compensated to the extent of liability coverage purchased for his or her benefit. *Jimenez v. Foundation Reserve Ins. Co.*, 107 N.M. 322, 757 P.2d 792 (1988). "[T]he Legislature did not intend to allow the creation of a gap in coverage which is contrary to the purpose of the statute." *Chavez*, 87 N.M. at 330, 533 P.2d at 103. Therefore, to be clear, the holding in *Willey* concerning uninsured motorist coverage is hereby expressly overruled. *See also Padilla v. Dairyland Ins. Co.*, (No. 18575, filed Feb. 26, 1990). We hold that Marin's daughter falls within the class of "innocent victims [to be protected] against uninsured tortfeasors," *see Chavez*, 87 N.M. at 329, 533 P.2d at 102, and that the district court was correct in finding Foundation liable under the uninsured motorist coverage.

Accordingly, we affirm the summary judgment in its entirety.

IT IS SO ORDERED.

RANSOM and MONTGOMERY, JJ., concur.