[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above matter concerns an award of arbitrators made in an action involving an uninsured motorist. The two insurance companies dispute the finding of the arbitrators with regard to the amount that each should pay of the award to the injured party.
In the first case, Allstate Insurance Company (Allstate) requests the court to vacate the award, insofar as it mandates an allocation of the award between Allstate and Covenant Insurance Company (Covenant) and instead find that Covenant has the primary CT Page 2925 coverage and is solely obligated to satisfy the award.
In the second case, John Sicuranza, the injured party, has applied to the court for an order correcting the award by directing Covenant to pay the entire award.
The parties have filed a stipulation, applicable to both cases, which sets forth the basic facts considered by the arbitrators and on which their award was grounded. They ask this court for a de novo review of the interpretation and application of the law by the arbitrators under the rule of American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 191.
The stipulation reveals the following situation: John Sicuranza, the claimant, was an occupant of an automobile owned by Tracey Sicuranza when it was involved in a accident caused by an uninsured motorist. Tracey Sicuranza's automobile was insured with Covenant which provided $50,000 of uninsured motorist coverage. John Sicuranza, because he resided in his parent's household, was an insured under an Allstate policy which provided $300,000 of uninsured motorist coverage. As a result of the accident John Sicuranza suffered injuries and damages found to be in the amount of $25,000.
John Sicuranza demanded arbitration (1) under the Covenant policy issued by it to Tracey Sicuranza, owner of the car he was occupying at the time of injury, and (2) under the Allstate policy issued by it to Francis Sicuranza, John's father. The parties agreed that the two arbitrations proceed simultaneously.
The arbitrators prorated the responsibility for payment of their award of $25,000 between Allstate and Covenant on the basis of Allstate 6/7ths or $21,428.57, and Covenant 1/7th or $3,571.43. Covenant was entitled to a credit of $1,655.43 for no-fault benefits paid to John Sicuranza. Exhibit C.
At the outset, the court will note that, in its brief, Covenant devotes several pages on what appears to be a claim that Sicuranza did not make a motion to correct the award until "after thirty days from the notice of the award to the party. . . who makes the motion." Sec. 52-420(b), Gen. Stat. This claim is not mentioned in the stipulation nor was any motion or pleading of any type filed making this claim. The application of Sicuranza alleges (par. 3) that he received notice of the award on February 19, 1991. There is nothing before this court to challenge that allegation. The application bears the filing stamp of the Clerk's Office of this court for March 18, 1991. The Sicuranza application to correct was timely made. Boltuch v. Rainaud,137 Conn. 298. CT Page 2926
This court has previously considered a situation, identical to that presented in the instant case, in Keystone Insurance Co. v. Steven Streeter, et al., No. 282950, Superior Court, J.D. New Haven, May 25, 1989. In that case we quoted from Widiss', Universal Motorist Coverage (1981 Supp.), at Sec. 2.60, p. 210:
"There are now several decisions that explicitly hold that where a person is injured while riding as a passenger, uninsured motorist coverage applicable to that person as passenger is primary, so that it must be exhausted before such insured may seek indemnification under his or her own uninsured motorist coverage." Widiss referred to Pecker v. Aetna Casualty Surety Co.,171 Conn. 443, a case involving uninsured motorist claims which states (at 453): "In this case, because $20,000 was available to the insured under the primary policy, the secondary insurer will be discharged in that amount notwithstanding the fact that the insured chose to settle his claim against the primary insurer for $18,000." Pecker held (p. 452) that: "On the basis of the statutes and regulations of this state, we hold that `other insurance' clauses included in uninsured motorist provisions are invalid."
The case of Branchi v. Safeco Ins. Co., 106 N.M. 70, 738 P.2d 1314
(1987), discussed in Streeter, contains reasoning that is most convincing (at 1315). "We are persuaded, however, that it is the better and more reasonable rule to require the insurer of the vehicle in which the injured party was riding as a passenger, rather than as an owner or driver, to first pay uninsured motorist benefits before the injured party's insurer may be required to pay under its uninsured motorist coverage." The court went on to say that the automobile policy "closest to the risk" ranks ahead of another policy arguably in conflict in "other insurance" clauses insofar as priority for payment is concerned. The Branchi court summed up, "The policy covering the vehicle involved in the accident is closer to the risk than the policy insuring the non-owner driver or passenger." (pg. 1315). See also, Cieckas v. Transamerica Ins. Group, 409 A.2d 272, 275 (N.J. 1979).
Covenant cites the case of Doginella v. Foremost Ins. Co.,197 Conn. 26, (1985), in support of its position. However, that case was dismissed by the Supreme Court because the judgment of the trial court was not immediately appealable. The court said (at pg. 34): "Prohibiting interlocutory appellate review limits disruption and delay and prevents the arbitration process from being overtaken by litigation." In Harvey v. Travelers Indemnity Co., 188 Conn. 245, also relied on by Covenant, the court was interpreting Sec. 38-175c, Gen. Stat. (now 382-336), entitled "Uninsured Motorist Coverage." The court held (at pg. 248): "We take the latter position and conclude that the public policy embodied in General Statutes Sec. 38-175c directs that uninsured CT Page 2927 motorist coverage be provided to insureds when they are not occupants of insured vehicles as well as when they are."
Great weight has been given by Covenant to the decisions and opinions of the court in Continental v. Aetna Casualty, et al. on both the trial, (Civil #83-710, U.S.D.C.-Conn.) and appellate (823 F.2d 708) court levels. Factually, the case involved excess coverage under umbrella policies issued by the two excess carriers. The court found them to be equally liable. We agree.
The application of the plaintiff John Sicuranza is denied.
With regard to the Allstate application, for the reasons stated above, this court finds that the arbitrators incorrectly applied the law as to coverage responsibility to the factual situation presented to them and the application of Allstate is granted and the award is vacated.
Harold M. Mulvey State Trial Referee