811 P.2d 571

Cathi RICHARDSON,
Plaintiff–Appellant,

v.

FARMERS INSURANCE COMPANY OF ARIZONA and/or Mid–Century Insurance Company, Defendant–Appellee.

No. 19286.

Supreme Court of New Mexico.

May 21, 1991.

Rehearing Denied June 12, 1991.

David H. Pearlman, Albuquerque, for plaintiff-appellant.

Civerolo, Hansen & Wolf, William P. Gralow and Stephen C. Ross, Albuquerque, for defendant-appellee.

## OPINION

FRANCHINI, Justice.

The single issue presented on appeal is whether appellant, Cathi Richardson, as a permissive user of an insured automobile covered by one of three policies of insurance issued by appellee, Farmers Insurance Company (Farmers), can "stack" the three coverages to pay for damages resulting from the negligence of an underinsured motorist. Each policy defined the "limit of liability" as the total limits for each separate underinsured motorist premium paid "under this or other policies issued by [Farmers]." The policies did not restrict the limit of liability to the named insured, family members, or "Class I" insureds. Given the language of the insurance contracts written by Farmers, we find this case presents a question as to the limit of liability under the policies rather than a question of "Class I" or "Class II" stacking. We reverse the trial court and find Richardson to be an "insured person" entitled to recover underinsured motorist benefits to the limit of liability provided in each of the Farmers' policies then in force.

Prior to July 24, 1986, Farmers issued three policies of automobile insurance to Howard Mickelson. Mickelson paid three separate uninsured/underinsured motorist premiums for three separate policies covering three separate automobiles. Each policy contained coverage for damages arising from the acts of underinsured motorists with limits of $25,000 per person. All three policies contained the following endorsement:

If more than one premium is paid for uninsured motorists under this or other

policies issued by the Farmers Insurance Group of Companies, the limit of liability will be the total limits for each separate uninsured motorists premium.

On July 24, 1986, Richardson, with the owner's permission, was driving one of Mickelson's vehicles insured under one of Farmers' policies. On that date, Richardson was rear ended by another driver, Castillo, who had $25,000 coverage for public liability under his own insurance policy. Richardson sustained a severe back injury, resulting in back surgery that was unsuccessful. Her damages exceeded $95,000. Richardson settled for $25,000 with Castillo. She collected $25,000 underinsured motorist coverage on the Farmers' policy insuring the Mickelson automobile she was driving. She then sought to recover $50,000 more from Farmers by "stacking" the underinsured coverages remaining under the Mickelson policies insuring the other two automobiles that were not being driven by Richardson at the time of the collision. Farmers denied coverage, asserting that Richardson could not "stack" the policies because she was neither a member of the Mickelson family, nor a named insured under the remaining two policies.

Richardson then filed suit for a declaratory judgment seeking to "stack" the remaining coverages. Both parties moved for summary judgment. The trial court determined that under its view of prevailing New Mexico law, Richardson was not permitted to "stack" coverages as a matter of law and granted summary judgment in favor of Farmers and against Richardson. This appeal followed.

■ To decide this case we must first look to the Farmers' policies involved and determine if they are ambiguous. The question of whether an ambiguity exists is a question of law to be decided by the court. *Levenson v. Mobley*, 106 N.M. 399, 401, 744 P.2d 174, 176 (1987). A contract is deemed ambiguous only if it is reasonably and fairly susceptible of different constructions. *Vickers v. North Am. Land Devs. Inc.*, 94 N.M. 65, 68, 607 P.2d 603, 606 (1980). The three Farmers' policies at issue are unambiguous.

■ Looking at the plain language of the three policies and the definitions of insured contained therein, it is clear that Richardson is an "insured person." Farmers' policies define "insured person[s]" to include "[a]ny other person while occupying your insured car." The only qualification in the policies' language relative to underinsured motorist's benefits is that the claimant be an "insured person." Further, Farmers contracted to pay "all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Farmers specifically permitted "stacking" their policies for the benefit of any insured person by defining the limit of liability to be the total limits for each separate underinsured motorist premium paid *"under this or other policies issued by Farmers Insurance Group of Companies."* (Emphasis added.)

■ Richardson was an "insured person" as defined by the Farmers' policy covering the automobile she was permissively driving. She is entitled to "stack" the underinsured motorist's benefits in all three policies by the unambiguous terms contained therein. This court must enforce the clear and unambiguous language of Farmers' policies. Absent ambiguity, provisions of contract need only be applied, rather than construed or interpreted. *McKinney v. Davis*, 84 N.M. 352, 503 P.2d 332 (1972). The policies are written to cover "insured persons" for uninsured/underinsured benefits, including persons with Richardson's characteristics, and to permit "stacking" of all three policies by "insured persons."

Richardson has suffered over $95,000 in damages as a result of an underinsured driver's negligence. The legislature intended that she be placed in the same position, with regard to recovering those damages, as if the tortfeasor were fully insured. *Foundation Reserve Ins. Co. v. Marin*, 109 N.M. 533, 787 P.2d 452 (1990).

Therefore, enforcing these policies as written, the trial court's granting of Farmers' motion for summary judgment is re-

versed, and Plaintiff's motion for summary judgment is granted. Richardson is permitted to "stack" the coverages in all three Farmers' policies to the total limit of liability provided by the unambiguous terms of the insurance contracts.

IT IS SO ORDERED.

RANSOM, and BACA, JJ., concur.